## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.  05 B 45201 |
| | ) | |
| LATONIA DAILY | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | JUDGE BRUCE W. BLACK |
| | ) | |
| BRADLEY J. WALLER, not individually but as Trustee of the Bankruptcy Estate of Latonia Daily, | ) ) ) ) | CASE NO.  06 A _____ |
| Plaintiff, | ) | |
| vs. | ) ) | |
| ALONZO D. DONALSON, KRISTEN DONALSON, SAMUEL GRIFFEN ALICE MADDOX WARD and KENT ROBERSON | ) ) ) ) ) | |
| Defendants. | ) | |

### COMPLAINT TO AVOID TRANSFERS

NOW COMES **BRADLEY J. WALLER**, not individually but as Trustee of the Bankruptcy Estate of **LATONIA DAILY**, by and through his attorneys, KLEIN, STODDARD, BUCK, WALLER & LEWIS, LLC, and complaining of Defendants, **ALONZO D. DONALSON, KRISTEN DONALSON, SAMUEL GRIFFEN, ALICE MADDOX WARD and KENT ROBERSON,** states as follows:

### JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 USC § 1334 and 28 USC § 157 in that it is a civil proceeding arising under, arising in, or related to the Chapter 7 Bankruptcy proceeding entitled In re **LATONIA DAILY**, case number 05-45201 pending in the United States Court for the Northern District of Illinois, Eastern Division.

2. This Complaint arises under 11 USC § 547(b) and 11 USC § 550(a).

3. This Complaint initiates a core proceeding pursuant to 28 USC § 157(b)(2)(F).

4. Venue in this District is proper pursuant to 28 USC § 1409(a).

## COUNT I

1. Plaintiff, **BRADLEY J. WALLER**, is the Trustee in Bankruptcy for the Estate of **LATONIA DAILY** and brings this matter as the Trustee and not in his individual capacity and is referred to herein as "Plaintiff" or "Trustee".

2. Defendants, **ALONZO D. DONALSON & KRISTEN DONALSON** are referred to herein as "Defendants",and are debtor's brother & sister-in-law, respectively.

## SUBSTANTIVE ALLEGATION

1. On October 6, 2005, the Debtor, **LATONIA DAILY**, filed her voluntary petition pursuant to Chapter 7 of the United States Bankruptcy Code. Thereafter, **BRADLEY J. WALLER** was appointed Trustee and continues to act in that capacity.

2. On July 13, 2005, within ninety (90) days prior to the filing or one (1) year prior to the filing herein Debtor transferred to Defendants the sum of $4,500.00.

3. Said transfer of Debtor's non-exempt personal property was made on account of an antecedent debt owed by the Debtor before such transfer was made.

4. Said transfer enabled Defendants to receive more than they would have received had the transfer not been made and had they received their share of the proceeds from the liquidation of the Debtor's Estate.

5. 11 USC § 550(a)(1) authorizes the Trustee to recover the preferential transfer herein alleged from Defendants.

**WHEREFORE**, Plaintiff, **BRADLEY J. WALLER**, Trustee of the Bankruptcy Estate of **LATONIA DAILY**, prays that this Honorable Court do the following:

   A.   Void all transfers made to Defendants, **ALONZO D. DONALSON and KRISTEN DONALSON,** made ninety (90) days prior to the filing of the Debtors' petition.

   B.   Enter judgment in favor of Plaintiff, **BRADLEY J. WALLER** and against Defendants**, ALONZO D. DONALSON and KRISTEN DONALSON,** for $4,500.00.

   C.   Grant Plaintiff any and all other relief this Court deems just and equitable.

## COUNT II

1. Plaintiff, **BRADLEY J. WALLER**, is the Trustee in Bankruptcy for the Estate of **LATONIA DAILY** and brings this matter as the Trustee and not in his individual capacity and is referred to herein as "Plaintiff" or "Trustee".

2. Defendant, **SAMUEL GRIFFEN** is referred to herein as "Defendant", respectively.

## SUBSTANTIVE ALLEGATION

1. On October 6, 2005, the Debtor, **LATONIA DAILY**, filed her voluntary petition pursuant to Chapter 7 of the United States Bankruptcy Code. Thereafter, **BRADLEY J. WALLER** was appointed Trustee and continues to act in that capacity.

2. On July 23, 2005, within ninety (90) days prior to the filing herein, Debtor transferred to Defendant the sum of $3,000.00.

3. Said transfer of Debtor's non-exempt personal property was made on account of an antecedent debt owed by the Debtor before such transfer was made.

4. Said transfer enabled Defendant to receive more than he would have received had the transfer not been made and had he received his share of the proceeds from the liquidation of the Debtor's Estate.

5. 11 USC § 550(a)(1) authorizes the Trustee to recover the preferential transfer herein alleged from Defendant.

**WHEREFORE**, Plaintiff, **BRADLEY J. WALLER**, Trustee of the Bankruptcy Estate of **LATONIA DAILY**, prays that this Honorable Court do the following:

    A. Void all transfers made to Defendant , **SAMUEL GRIFFEN** made ninety (90) days prior to the filing of the Debtors' petition.

    B. Enter judgment in favor of Plaintiff, **BRADLEY J. WALLER** and against Defendant**, SAMUEL GRIFFEN,** for $3,000.00.

    C. Grant Plaintiff any and all other relief this Court deems just and equitable.

## COUNT III

1. Plaintiff, **BRADLEY J. WALLER**, is the Trustee in Bankruptcy for the Estate of **LATONIA DAILY** and brings this matter as the Trustee and not in his individual capacity and is referred to herein as "Plaintiff" or "Trustee".

2. Defendant, **ALICE MADDOX WARD** is referred to herein as "Defendant", respectively.

## SUBSTANTIVE ALLEGATION

1. On October 6, 2005, the Debtor, **LATONIA DAILY**, filed her voluntary petition pursuant to Chapter 7 of the United States Bankruptcy Code. Thereafter, **BRADLEY J. WALLER** was appointed Trustee and continues to act in that capacity.

2. On August 4, 2005, within ninety (90) days prior to the filing herein, Debtor transferred to Defendant the sum of $1,000.00.

3. Said transfer of Debtor's non-exempt personal property was made on account of an antecedent debt owed by the Debtor before such transfer was made.

4. Said transfer enabled Defendant to receive more than he would have received had the transfer not been made and had he received his share of the proceeds from the liquidation of the Debtor's Estate.

5. 11 USC § 550(a)(1) authorizes the Trustee to recover the preferential transfer herein alleged from Defendant.

**WHEREFORE**, Plaintiff, **BRADLEY J. WALLER**, Trustee of the Bankruptcy Estate of **LATONIA DAILY**, prays that this Honorable Court do the following:

A. Void all transfers made to Defendant, **ALICE MADDOX WARD** made ninety (90) days prior to the filing of the Debtors' petition.

B. Enter judgment in favor of Plaintiff, **BRADLEY J. WALLER** and against Defendant, **ALICE MADDOX WARD,** for $1,000.00.

C. Grant Plaintiff any and all other relief this Court deems just and equitable.

## COUNT IV

1. Plaintiff, **BRADLEY J. WALLER**, is the Trustee in Bankruptcy for the Estate of **LATONIA DAILY** and brings this matter as the Trustee and not in his individual capacity and is referred to herein as "Plaintiff" or "Trustee".

2. Defendant, **KENT ROBERSON** is referred to herein as "Defendant", respectively.

## SUBSTANTIVE ALLEGATION

1. On October 6, 2005, the Debtor, **LATONIA DAILY**, filed her voluntary petition pursuant to Chapter 7 of the United States Bankruptcy Code. Thereafter, **BRADLEY J. WALLER** was appointed Trustee and continues to act in that capacity.

2. On August 4, 2005, within ninety (90) days prior to the filing herein, Debtor transferred to Defendant the sum of $1,000.00.

3. Said transfer of Debtor's non-exempt personal property was made on account of an antecedent debt owed by the Debtor before such transfer was made.

4. Said transfer enabled Defendant to receive more than he would have received had the transfer not been made and had he received his share of the proceeds from the liquidation of the Debtor's Estate.

5. 11 USC § 550(a)(1) authorizes the Trustee to recover the preferential transfer herein alleged from Defendant.

**WHEREFORE**, Plaintiff, **BRADLEY J. WALLER**, Trustee of the Bankruptcy Estate of **LATONIA DAILY**, prays that this Honorable Court do the following:

    A. Void all transfers made to Defendant , **KENT ROBERSON** made ninety (90) days prior to the filing of the Debtors' petition.

    B. Enter judgment in favor of Plaintiff, **BRADLEY J. WALLER** and against Defendant**, KENT ROBERSON,** for $1,000.00.

    C. Grant Plaintiff any and all other relief this Court deems just and equitable.

        **BRADLEY J. WALLER,**
        **BANKRUPTCY TRUSTEE OF THE**
        **ESTATE OF LATONIA DAILY,**
        **Plaintiff**

        ***/s/   Bradley J. Waller***
        **One of his Attorneys**

Prepared by:
**BRADLEY J. WALLER**
Klein, Stoddard, Buck, Waller & Lewis
2045 Aberdeen Court, Suite A
DeKalb, IL 60115
(815) 748-0380